United States v. Prince Isaac Would you please take the mic and put it in front of you because from the mic it goes on to the disc that's that's the whole reason and we do listen I do listen to the disc all the way in front very well okay thanks good morning your honors my name is Thomas a dryer I represent Prince Isaac the appellant in this particular appeal may it please the court your honor prince I apologize yes I'd ask for two minutes of rebuttal thank you your honor in this case mr. Isaac was sentenced by district court judge Juan San Sanchez to a term of life imprisonment for a conviction by a jury of criminal continuing criminal enterprise cited at 21 US Code section 848 in addition to that he received a sentence of 10 years for the jury's conviction of him or finding of guilt of 18 US Code 20 924 C for possession of a firearm in addition mr. Isaac was found guilty and sentenced to the maximum sentences for numerous other offenses in this matter my main argument is that judge Sanchez did not properly address all the sentencing factors at the sentencing on November 17 2008 when the judge sentenced mr. Isaac to the life imprisonment for a continuing criminal enterprise is that your print is that I just want to know what's your prince well are you going to do the Feretta issue also subsequently you're on okay but this is the main issue your honor because the sentence is so draconian because long life is long yes it is your honor and mr. Isaac was 21 years old at the time of these offenses he was 24 years old yeah but he ran this whole drug deal I'm not arguing that he's shouldn't receive some punishment the argument is that the life imprisonment sentence is too harsh it violates the parsimony principle it is much greater than necessary to to effectuate all the sentencing factors that are outlined in u.s. 18 u.s. code section 3553 a some of the other things that the judge did not recognize that the sentencing hearing in November of 2008 where the fact that mr. Isaac did not murder anyone he did not kill anyone he did not shoot anyone he did not himself physically possess any firearm or other dangerous weapon weapon he did not injure himself injure anyone your honor he was an aider and a better on the 924 C charge he was the driver of a vehicle that one of the co-defendants was a passenger in that vehicle and that passenger mr. Henson was the one who actually did the shooting in the count 16 for which mr. Isaac was found guilty so as an aider and a better he is subject to that 10-year consecutive mandatory minimum sentence but he himself did not pull the trigger what would you have us do on count 16 there is nothing that you can do on count 16 okay okay I'm the argument goes to the count to criminal continuing criminal enterprise I would ask that the court remand the case to judge Sanchez for a resentencing obviously mr. Isaac was representing himself at the time of the sentencing and hopefully with the aid of standby counsel not at sentencing your honor at the end of the trial standby counsel was present but at sentencing and I'm sorry after the trial ended mr. say se a YCA I think he was no longer involved and mr. Isaac went to sentencing by himself and did all the preparation for sentencing by him but he was advised by the really warned by the court that maybe that wasn't a good idea no doubt he was he did not accept the court's admonitions though yeah better well being 24 years of age he probably thought he did know better on and obviously we've seen that where that's led so we would ask that the matter be remanded for a resentencing as a because of the fact that the sentence that was imposed is is a procedural error those factors are not considered there are a lot of other issues in this case besides the sentencing correct why don't you hit I thank you next I'd like to address the issue of the the Feretta issue as the court mentioned earlier yeah explain something to me why didn't they let him participate what did the court not let him participate in the two sidebars I think the claim is did they it was there any indicating he was dangerous we have prior to getting to those two sidebars there was a request by mr. Isaac to approach the jury and make final argument just like it on yes your honor just like any other lawyer would be able to do and the court was concerned about that and the court addressed the US Marshals about that and I think the end result was that he was told that he is allowed to stand to address the jury but he wasn't allowed to move around so subsequently when he when these two sidebar conferences were held to discuss jury instructions mr. Isaac thought that even though he was allowed to represent himself at that point he was not allowed to move forward to address the court in front of the jury probably because that was the US Marshals instruction but the standby counsel participated no doubt he did mr. say did and there was there's no discussion in the record about mr. mr. Isaac saying hey sit down I want to go up and do it myself and then no objection on the record right then I saw there's no but the implicit understanding of mr. Isaac was from that earlier matter of whether he could move about the courtroom to address the jury during was that he would not be able to come forward to address such it's not judge Sanchez during that sidebar confidence the prejudice is your honor that according to the pro se brief that mr. Isaac filed subsequent to the parties here briefing the issues is that he would have addressed during those sidebar conferences to discuss jury instructions the illegal jury instruction that the judge had given on the continuing criminal enterprise where on four separate occasions the judge said that members of the jury you need to find beyond a reasonable doubt certain things and on four separate occasions he said that you need to find whether or not mr. Isaac is guilty beyond a reasonable doubt accounts 14 15 16 and 17 yes but they weren't the only predicates for the CCE conviction they were not and there were numerous other drug allegations so what's the articulation of the error it was no objection your honor I didn't represent mr. Isaac during the trial and I'm just tried to pull the issues I could pull from a review of the record and there is a if the government has raised the plain error argument and I would simply state that the jury was given a whole series of discrete acts discrete counts from which they could conclude that mr. Isaac had committed three or more drug offenses title 21 offenses amongst all those different counts there were three that should not have been included and obviously we do not know how the jury made its decision we don't know what they discussed during their deliberations and we don't know whether they relied on count 14 15 16 17 14 was the only one of those four that should have been included 15 did not even charge mr. Isaac with an offense and 16 and 17 that were gun charges under title 18 and not drug charges under title 21 so the argument would be that that's where the prejudice that's where the was the jury was given the indictment I do not know I don't recall that fact but they were instructed for separate occasions to consider counts that should not have been included in that particular instruction well I'm sorry yes right 14 names him which is correct 16 it's he and someone else 15 he's not named and 17 well you're there was no 851 filing right that's correct your right so those so let's assume for a moment that we agree with you that means those enhancements go away but if the CCE remains undisturbed it's really it's an has no effect well your honor my argument would be that if you were to remanded the judge Sanchez if mr. Isaac was represented by counsel at the new sentencing that certain arguments could have been made that were not made by mr. Isaac representing himself pro se and as a result of that the judge might lower the sentence on the continuing criminal enterprise what what arguments should have been made that weren't made the argument that's what you just said yeah his age is the fact that he had at the time of sentencing he had a limited criminal history that he did not kill anybody that that he that's not the only crime in the federal lexicon I understand that the other thing is a district judge taking all the factors into consideration is certainly going to consider the effect on the community of the mass distribution of substantial quantities of drugs I understand that once again I'm not arguing that mr. should not receive a lengthy criminal I'm sorry a lengthy jail sentence my argument would be that life imprisonment when he did not hurt anyone kill anyone is so far off the charts that it is and it is so draconian that it is the government concedes in its brief that the document was not filed I searched up and down the docket entries about 15 times and I was unable to find it I had read where in the in the pre-sentence report the probation officer had said that it was filed so I looked I looked it wasn't there and now they've conceded that it was never filed it may have been given to somebody I do not know I wasn't his attorney at that point in time well there was actual notice given during the trial well your honor there was no there's no US Supreme Court case on the issue there's no third there's no presidential Third Circuit ish case on the issue there are cases from other circuits that say it is not error that this is an argument that can be waived or forfeited that it's not a jurisdictional issue I would ask you to take a fresh look at this particular issue okay the statute says shall must have to it wasn't done what's the purpose of having the statute if unless something happens as a result result of the government's failure to comply with the procedures outlined in the statute you need a resentencing or are you just requesting that we vacate if we vacate the enhancement I presume you wouldn't press for a resentencing of those counts that's the 10-year enhancement on the relevant counts well your honor I would argue that I would request that the court remain with instructions yeah but but judge Greenaway says suppose we agree with you we read the brief and we know what the 851 notice is supposed to do and we say well they didn't do it so we will vacate direct the vacation of that that enhancement and the 10-year enhancement on the relevant counts why wouldn't that be satisfactory for that particular count that would be so for that particular argument that would be what we are requesting so then what are we left with okay so we're suppose we don't find plain error on the Feretta issue and we do what we should do what we think we might one could argue we should do on the 851 notice he's still left with the CCE conviction yes your honor and that the argument there is the procedural and that's procedural unreasonableness argument that's the 3553 a yes the failure to what would that but you know the judge went through all these he he explicitly went through the factors in his discussion of the Senate and he missed something that's well what did he miss the defendant's age and the defendants well he knew the defendant's age the guys sitting in front of it no doubt and he had the pre-sentence report so what what what is it that well I mean why should we send it back to judge Sanchez who thought about obviously thought about all this pretty carefully made some mistake maybe made some mistakes we can fix those but why should we say well go do it again your honor because it's life imprisonment and if but that's what Congress said was the penalty for a CCE and Congress also said that the court must discuss address consider all the sentencing factors at the time of sentencing it's my argument that this court did not that judge Sanchez did not that and in addition there is a the idea that the sentence must be commensurate with the crime as I could as I said earlier I'm trying to do but do the best I can on behalf of mr. Isaac I know you are but we're concerned I mean guys in jail from life I mean we are concerned just like we would be a misdemeanor but you know we really want to do the right thing but he was already judge Sanchez went through it all I mean I read that his whole discussion carefully and I would leave you with the argument that the sentence is not just it violates the parsimony principle and you should remand so that he can be on those bases thank you good morning your honors may I please the court Roberts Osborne on behalf of the government a number of issues here to run through and I'll try to do it as efficiently as I can I do your honor and I want to start with the Ferreta issue your honor and your honor asked a good question which is why was mr. Isaac not permitted to go to the sidebar and the answer to that when we look at the record is that did not happen he was not barred from the sidebar there was a very specific discussion regarding the closing argument mr. Isaac asked whether he'd be able to move around the courtroom and there was a discussion with the marshal and the court said no you can stand in your place you can address the jury there was never a discussion regarding what would happen during the sidebar discussion of the jury instructions the important point in the record is page 234 of the appendix that's when the instructions have concluded and what the judge says at that point on page 234 he says mr. Miller mr. CA mr. Isaac mr. Hetz necker and mr. combat in other words all the attorneys plus mr. Isaac anything you wish to discuss with me at sidebar mr. Miller says yes your honor and the court says very well you may come and mr. Isaac sits right where he is and does not go to sidebar there is then a second sidebar which is even shorter that proceeds the same way now the the insight into why this happened this way is that another point in the record and this I think we've maybe glanced over a bit too much in our brief which leads to your honor it's very good question and that's on page 434 page 434 is sentencing but it's interesting because it's sentencing one of mr. Isaac's complaints he's representing himself and one of his complaints is that he's representing himself at sentencing and it's not does not no longer has a lawyer and says to the judge you're making me represent myself pro se at sentencing all I ever wanted was to give the closing argument I don't want to be in this position at sentencing unrepresented by counsel very clear insight into his thinking that explains why he doesn't get up when he's invited to sidebar the other thing to focus on here your honors is that the the sidebars are very short he did he did he gave the entire closing statement with some eloquence as well the other point I'm getting to is that these sideboards are very short they're very technical in fact they're so technical that when you read the first sidebar it's kind of hard to even follow it not being in the courtroom as to the counts they're talking about the little very new aspects of the instruction when it's over the jury very promptly is dismissed and the jury then deliberates for more than a day mr. Isaac as we all know from this record is no wallflower and yet he never stands up you would think he would stand up instantly and say wait here are all my objections to the instructions here are all the things I want to talk about that are now laid out in the pro se brief that the court permitted him to file he never stands up and says anything it's very clear as we argue in our brief that he acquiesced to not participating in these sidebars this is not the self-representation he saw it what he saw it well what he wanted to do was call witnesses that didn't work out for him because they weren't available and he wanted to make the closing which he did that length and that's our that's really our position on the Feretta issue it's clear acquiescence as we articulate in our brief turning if I may to the jury instructions yes there was an error with regard to the instruction on the CCE count we all see it which is that counts 14 through 17 were not predicates for the CCE violation and yet the court well the court said 14 through 17 well 14 ultimately was dismissed 15 he was not charged with 16 and 17 were 924 C charges that's the problem with those ultimately the government dismissed count 16 leaving him convicted only of count 17 but 16 and 17 shouldn't be predicates at all because they're 924 C charges they're not drug offenses that are predicates for the CCE so you have this clear mistake that's made but no objection is made this is never raised until we rely on the government prosecutor to sometimes to make sure that it's correct absolutely absolutely and I'm here to say as unfortunately I'm occasionally in the position of saying we made a mistake well thank you your honor well thank you and this unfortunately is one of those instances the prosecutor actually did correct part of the mistake and unfortunately not the entire mistake the court had also referred to count to which was the CCE charge itself and the prosecutor heard that and corrected that but we missed it we didn't correct the rest of it but we're here on plain error review and that's important are we going to eliminate this jury's conviction for an objection that was not made and the the answer is it's clearly a harmless error because the jury convicted on every single drug charge that was presented against him which a nine of them much more than the three predicates required now here's another mistake while I'm in this posture today of admitting error a mistake in our brief that I take responsibility for it's in our brief which is a very important case that we should have cited that we did not cite but it does support the argument that I'm making and that's this court's decision in Edmonds EDMONDS which is 80 f-third 810 80 80 f-third 810 this is an end bank decision now the issue in Edmonds was does the jury need to be unanimous at all with regard to the three CCE predicates and the decision of the of the end bank court right well the interesting thing about Edmonds now that I finally have caught up with that and your honors memory is probably better than mine was when we prepared this brief you didn't but but judge slover to you and judge Roth were actually in the dissent joining a dissent written by judge Garth holding that well arguing and actually agreeing with the government that the jury did not have to be unanimous at all that dissent did not carry the day the judge Becker's majority opinion was that the jury does have to be unanimous with regard to the three predicates but the majority held the error was harmless for exactly the reason that we're arguing in this case which is that the jury in Edmonds while it wasn't instructed to be unanimous regarding the predicates found the defendant guilty of every single substance of drug offense he was charged with exactly the same argument and that's why it's an oversight that we didn't present it in our brief because it's so clearly on point and I think you could you can look at the opinion there are a number of opinions in that case including another concurring opinion by judge Alito you can look at all of them and see that the court would have no problem at all with the harmless error argument that I'm making it clearly was a harmless error argument in this instance now I don't know if the court wishes me to address the the pro se brief mr. Isaac raises a couple other arguments that we don't the 851 notice yeah that to me is important it's very important now the now this is again important that the objection was not made in the district court and we don't have a record because your honors the the government's view we've discussed this with the trial prosecutor is that the 851 notice was presented to the district court clerk to the deputy in the courtroom we that's corroborated in the record we know it because the judge refers to it when he has the Faretta colloquy with the defendant and and the that he's subject to the enhanced penalty we also know it from the presentence report the presentence report specifically refers to the government's 851 notice what we don't know is why it didn't get from the hand of the prosecutor to the deputy clerk and on to the docket remains that he didn't get the 851 notice in time so that he could consider enhancement and point of it so that you know what you're you have enough information so that you know which way to go or at least to take the fact into consideration well your honor again if this objection had been made in the district court the court could have made had a hearing and had findings on whether in fact mr. Isaac was handed this notice before it does it was given to him at trial right well no it was given before according to the prosecutor's recollection it was given before the trial started as required but we have no record there's no record of that so and we have to go by the record but in this instance the absence of the record works against the defense the burden is on the defense to show plain error have the objection been timely made in the district court we could have made a record I'm not sure that plain error is appropriate for the absence of an 851 notice well your honor with respect this court as miss my friend mr. Dreier said has not addressed it in a presidential opinion other circuits have other circuits have and unanimously have applied plain error review this court's not presidential decision in Johnson judge Roth was on the panel applied the plain error standard as well and reached the conclusion that I'm advocating which is that where the defendant in fact had noticed there is no error because yeah but he had noticed all that we know is he had noticed sort of toward the end of the trial or at the trial and the whole point is to say for in this case his options if I do this then maybe I feel teeth and I've got this enhancement you know it's a 10-year enhancer sure the interesting thing your honor is that years when you have life may not be so much but it's still an enhancement and it and it should be and I'm just not sure the reason the judge's point is so important is if you know it earlier maybe that takes that informs you differently with regard to your adamance about going to trial on the CC and the other charges in the indictment I agree entirely with what your honors are saying but that prejudice has not been articulated in this case well we have pro se and we have able counsel again this is an argument that wasn't even made in the district court it does but none of the briefs articulate the prejudice that your honors are identifying at no time that's the whole point but we don't need that we know what an 851 notice is for well I disagree your honor if I with respect if I may draw an analogy if I there's an analogy where someone pleads guilty or someone goes to trial and claims that they did not get good advice from their lawyer and the Supreme Court has held in the ineffective assistance context that you need to show prejudice and one of the things the defendant needs to say is I would have pled guilty if I had known facts a B and C and the converse the Supreme Court has held is also true where someone pleads guilty instead of going to trial they it's required that the defendant alleged prejudice that I would not have done what I did we have no allegation here whatsoever that mr. Isaac would have pled guilty had he known he faced ten more years on only a handful of the counts and in fact I would submit that I'm not surprised that that allegation has not been made because it wouldn't be very credible when you're looking at a life sentence on the CCE when you're looking at multiple substantive counts I'm not sure it would be credible to say well now that I know I can get only 20 years because they failed to file the 851 notice instead of 30 that I would have pled guilty this defendant was always committed to going to trial as he did I think it's our responsibility to be sure that your office does everything it's supposed to do you know that I think that and therefore I'm not sure why we shouldn't put your feet to the fire on the 851 your honor first of all as you know and I think your honor kindly recognized earlier we put our own feet to the fire we try every day to do things as best we can but as a jurisprudential matter your honor I have to respectfully disagree that it's this court's function to reach a result in order to make sure that we hold to our responsibilities the Supreme Court has been emphatic that that is not a rule of appellate review that plain error and harmless error principles are essential that the purpose of appellate review is not to correct every last error much as any of us in the system are disturbed by any error that does take place plain error review means something if you did if the objection was not made if prejudice is not articulated if the defendant does not satisfy the burden of showing a miscarriage of justice then rule 52 demands that there be an affirmance so I think there's a broader principle at issue here but if your feet are held to the fire I can tell you that I and my fellow supervisors try to do that every single day. Of course we could remand it on that issue. Yes. Or we could direct vacating the enhancement. If the court did if at most I would think the court would remand and at that point your honor to be frank we would ask for an evidentiary hearing regarding whether this 851 notice really was handed to the defendant before trial because that is what we think happens and that is what we would have shown had this objection been timely made which it was not but still getting back to where we are on plain error review there's just no showing of prejudice here the defendant had actual notice the purpose of section 851 and it's an important purpose is to assure that he has notice so that he can make decisions. That's right and that's so that he has notice early not during the trial. Correct but at the point it happens to come up during the comes up when the judge says during the Ferretta colloquy you know you're looking at these you know draconian sentences here in part because of your prior conviction there's no statement by Mr. Isaac saying well this is the first I've heard of that. It's very clear that he's very familiar with it he's very familiar he says he's familiar with the penalties and I think we can infer from that that he did have prior notice exactly as the prosecutor's recollection suggests but but again we get back to where we are on this record on this record there there's a requirement the defendant show prejudice show a miscarriage of justice and and we do not believe that it's shown on this record if the court believes remand is appropriate certainly that's what we will do. Well right it would be vacating the 10-year term only on those that handful of counts. The final argument that was raised my time is up does the sentencing issue that Mr. Dreier mentioned. Let's talk about that. I mean we do have an obligation under the parsimony factor. I mean he's 24 years old and he's sentenced to life in prison and he hasn't killed any. Now he did do bad things. The jury found. Shouldn't the district court have been a little more sensitive? I don't know what the appropriate word is in this case. And we know that drugs are a scourge and they affect people's lives. 24 years old to face a life sentence? This is a very very severe sentence your honor and it's not one that that any of us speak of lightly. I am familiar with Rachmaninoff's and I think that that you know applies here very clearly. A judge could look at this case and say exactly what your honor is saying and saying this is a man's entire life despite the very serious horrible things that Mr. Isaac did. What the Supreme Court and Booker and this court and interpreting Booker have left us with though is a considerable amount of discretion that's given to both judges. It's often the case as your honors know I don't know if Judge Greenaway has had the benefit of hearing me complain about this, but in the years since Booker every other judge of this court I think has heard the government's complaint where it works the other way. Where an individual judge looks at a sentence and results in it's a more lenient result than the government would advocate. Here we're looking at it the other way but it's all the result of this considerable discretion that's given to each judge. At the end of the day this life sentence that was imposed severe as it is, is a within guideline sentence. It's permitted by Congress, it's permitted by the Sentencing Commission, the Supreme Court says that this court can presume that a within guideline sentence is reasonable. And more importantly this court said in Tomko in its en banc decision that a sentence is reasonable unless no reasonable judge would impose it. And so to reverse the right, well the sentence is unreasonable if no reasonable judge would impose it is what this court said in Tomko. So this court would have to hold in this case that no reasonable judge can impose the within guideline sentence that's permitted by law. Judge Sanchez went through a very exhaustive review. I don't think anybody can question the procedural reasonableness here. He went through the factors that he thought were important and they are compelling. We talk about his age, Mr. Dramich, I think he did talk about his age and he talked about it in the sense that this man's career of crime started at the age of 15 and was unceasing. He had no continuous education, no continuous employment. All he did was commit crimes, serious crimes. Juvenile convictions, adult convictions, and then this reign in Lancaster. Reading the record it's disturbing. I had the opportunity to read it in preparing this appeal. These gentlemen, Mr. Isaac and his cohorts in Lancaster, treated this city like it was the Wild West. Putting guns on the street, selling drugs, terrorizing people. There are shootings that happen that even though he's not involved in, it's by the people that he's associating himself with and using to sell drugs. I don't think anybody can downplay the seriousness of this. All one can ask is, should there be some time at the end? Should Mr. Isaac have the opportunity to live to a time where he's not in prison? That's the district judge's call. You and I may see it one way or a different way, but this court has said that this court will not reverse a sentence because it might impose a different sentence. The question is, is what this district judge did within the scope of reasonableness? And I have to accept that when courts regularly give downward variances in this district, and I think it has to be accepted here. Yes, yes, Your Honor did. And, you know, certainly the government was on the other side, but as in Edmonds, we are left with the majority opinion and that's what this court is bound to follow. Thank you. Thank you very much, Your Honor. Do you have rebuttal? I know you, you know, you're appointed counsel. I am. Okay, and we thank you for taking the appointment. Well, thank you. Not an easy case. Go ahead. Like Tom Hanks said, you never know what you're going to get until you open the box. Mr. Salzman said that on the 851 issue that the court must impose the statute and Congress passed the statute and it says that the U.S. attorney must file, shall file the notice, and it didn't happen in this case. And that needs to be addressed as well. I mean, it's not an obligation on the defendant whether he received it or not, and I don't know whether he did or he didn't. I don't know whether his attorney received it. That's irrelevant. He didn't, it wasn't filed, it wasn't, but statute was not complied with. Thank you. Thank you very much. We'll take this matter under advisement. We'll let the panel go on.